UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00110-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TAMARA DEVONNA MCCLELLAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's letter (#70), in which defendant requests that the Court order or recommend her placement in a Residential Re-Entry Center for 12 months. This request is denied. Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
> * * *
> (4) any statement by the court that imposed the sentence—
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b). The *Second Chance Act* impacts the RRC program as provided by Section 3621, and provides as follows in pertinent part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure

1

that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Placement of an inmate in an RRC during the final portion of their sentence is sometimes referred to as "pre-release RRC placement" and placement of an inmate in an RRC at any other point during his sentence pursuant to § 3621(b) is called an "anytime RRC placement." Delfino v. Berkebile, 2011 WL 1088013, *3 (S.D.W.Va. March 23, 2011). To the extent the letter could be deemed a request for relief in the first instance under the *Second Chance Act of 2007*, the provisions of 18, United States Code, Section 3624(c), concern actions to be taken by the Director of the Bureau of Prisons, not the court. Whether to place a person in any pre-release program is a duty delegated to the Executive Branch and not the Judiciary.

Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329 (1992)). The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated, while the Court has no credible basis for making any such determination.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief in this Court in her letter (#36), such relief is **DENIED**.

Signed: September 11, 2018

Max O. Cogburn Jr
United States District Judge